UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | |
|---|---|
| MORRIS R BROUSSARD, § | |
| § | |
| Plaintiff, § | |
| VS. § | CIVIL ACTION NO. G-11-383 |
| § | |
| PHILIP J SIFUENTES, § | |
| § | |
| Defendant. § | |

## MEMORANDUM AND ORDER

Before the Court is a civil rights action filed pursuant to 42 U.S.C. § 1983 by the plaintiff, Morris R. Broussard (#290674). The plaintiff, who has paid the full filing fee, brings this suit against defendant Philip J. Sifuentes, Assistant Warden of the Wayne Scott unit. He seeks injunctive relief, nominal monetary damages and to have the disciplinary punishment expunged or changed. After conducting a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, the Court will dismiss this lawsuit for failure to state a claim, for reasons that follow.

When a plaintiff seeks to proceed *in forma pauperis* pursuant to 28 U.S.C. §1915(a), the court may dismiss the plaintiff's case if satisfied that it is frivolous or malicious. 28 U.S.C. §1915(e)(2). A case may be dismissed for being frivolous if the claim has no realistic chance of ultimate success or has no arguable basis in law and fact. *See Pugh v. Parish of St. Tammany*, 875 F.2d 436, 438 (5th Cir. 1989); *Booker v. Koonce*, 2 F.3d 114 (5th Cir. 1993). The determination whether an action is frivolous or malicious may be made prior to service of process; therefore, such claims are dismissible *sua sponte* prior to service under 28 U.S.C. § 1915 (e)(2). *Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990).

In his complaint, the plaintiff complains that disciplinary hearing officers at the Wayne Scott unit are "prohibited from following TDCJ-CID Disciplinary Rules and Procedures sentencing guidelines and, instead, systematically and automatically impose maximum penalties of 30 days restriction of privileges of all disciplinary cases since approximately January 2011," (Doc. No. 1, p. 6), which is unconstitutionally harsh.  The plaintiff has provided no evidence in support of his claim, other than his Step One and Step Two disciplinary appeals, which stated that the punishment imposed in his disciplinary proceeding was within the established disciplinary guidelines.

The plaintiff does not allege facts showing that he is entitled to monetary damages because he does not state that he suffered any physical injury as a result of being subjected to a brief term of restricted privileges.  The Prison Litigation Reform Act (the "PLRA") bars recovery of monetary damages absent a showing that the plaintiff suffered a physical injury while in custody.  42 U.S.C. § 1997e(e) ("No federal civil action may be brought by a prisoner confined to a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.").

Moreover, even if the plaintiff could demonstrate the requisite element of standing, his allegations do not merit an injunction.  To obtain an injunction, a plaintiff must establish "(1) success on the merits; (2) that a failure to grant the injunction will result in irreparable injury; (3) that said injury outweighs any damage that the injunction will cause the opposing party; and (4) that the injunction will not disserve the public interest."  *Fiber Systems Int'l Inc. v. Roehrs*, 470 F.3d 1150, 1159 n. 6 (5th Cir. 2006).  The plaintiff's request for an injunction fails because he has not established that the conditions at issue, *i.e.,* thirty days of restricted privileges, will result in irreparable injury and is actual or imminent.  *See Carter v. Orleans Parish Public Schools*,

725 F.2d 261, 263 (5th Cir. 1084) (noting that injunctive relief is inappropriate when sought to prevent injury that is speculative at best).  Accordingly, this claim must be dismissed for failure to state a claim upon which relief can be granted.

To the extent the plaintiff complains of the terms of his confinement and the manner in which his disciplinary proceeding is being executed, this claim must be filed as a habeas action and must be dismissed as improvidently filed.

Accordingly, the plaintiff's request to have the disciplinary punishment expunged or changed is **DISMISSED** without prejudice to being refiled as an application for writ of habeas corpus.  The remaining claims are **DISMISSED** with prejudice for failure to state a claim upon which relief can be granted.

All pending motions, if any, are **DENIED.**

It is so **ORDERED.**

SIGNED at Houston, Texas this 10th day of April, 2012.

Kenneth M. Hoyt
United States District Judge